**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMBRA LLC<br>1705 Broadway Street<br>Buffalo, New York 14212<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT INC.<br>2455 Paces Ferry Road<br>Atlanta, Georgia 30339<br><br>　　　　　　Defendant. | **AMENDED COMPLAINT FOR TRADEMARK, TRADE DRESS AND PATENT INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Civil Action No. 06-CV-0612S(Sc) |

**AMENDED COMPLAINT**

Plaintiff UMBRA LLC ("Umbra"), by and through its counsel, Kavinoky Cook LLP and Simpson & Simpson, PLLC, for its complaint against Defendant HOME DEPOT INC. ("Home Depot"), state as follows:

**PARTIES**

1.　Umbra is a New York limited liability company having its principal place of business at the address set forth in the caption above.  Umbra is the successor in interest to its affiliate, Umbra Inc., a New York corporation, which transferred its operating assets, including its trademarks and patents, to Umbra on March 4, 2005.  Thereafter, assignments of the trademarks and patents were duly filed in the United States Patent and Trademark Office.

2.　Upon information and belief, Home Depot is a Delaware corporation having its principal place of business at the address set forth in the caption above.

3.       Upon information and belief, Defendant (a) is doing business in the State of New York and this Judicial District; (b) has transacted business in the State of New York and this Judicial District; (c) has committed tortious acts within the State of New York and this Judicial District, including the sale of products complained of herein; and/or (d) has committed tortious acts outside the State of New York causing injury to property within the state and (i) regularly conducts or solicits business and/or derives substantial revenue from goods used or consumed with the State of New York, or (ii) expects or should reasonably expect its acts to have consequences within the State of New York and derive substantial income from interstate commerce.

## NATURE OF THE ACTION

4.       This action for trademark infringement arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, as well as the statutory law of New York, New York General Business Law § 360-l and § 133, and New York common law.

5.       This action for trade dress infringement arises under the Lanham Act § 43(a), 15 U.S.C. § 1125(a), as well as the statutory law of New York, and New York common law.

6.       This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## JURISDICTION AND VENUE

7.       Subject matter jurisdiction is conferred on this Court pursuant to Title 15, United States Code § 1121(a) and Title 28, United States Code §§ 1331 and 1338(a).

8. Subject matter jurisdiction over Plaintiff's state law claims is also conferred pursuant to 28 U.S.C. § 1338(b), as well as conferred by principles of supplemental jurisdiction under 28 U.S.C. § 1367(a).

9. This Court has a basis for exercise of in personam jurisdiction over the Defendant under New York Civil Procedure Law and Rules ("CPLR") §§ 301 and 302.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the above-mentioned claims occurred in this District and the Defendant is subject to personal jurisdiction in this District due to its conducting business in this District and/or directing activities in this District. Thus, the Defendant is considered a resident of this District, and venue is proper, in accordance with 28 U.S.C. § 1391(c). Venue is also proper in this District pursuant to 28 U.S.C. § 1400(b) as Defendant resides in this District, Defendant has offered for sale, sold and promoted its products in a manner which infringes the '795 Patent and has a regular and established place of business within this District.

## FACTS

11. Umbra is in the business of designing, producing and selling home products.

12. Since at least as early as March 1999, Umbra has used the trademark OH in association with furniture.

13. An application to register the trademark OH was filed on a use in commerce basis under 15 U.S.C. § 1051(a) on August 29, 2001 and matured to United States Registration No. 2,558,858 (the '858 Registration) on April 9, 2002.

14. A true and correct copy of the '858 Registration of the trademark OH is annexed as Exhibit 1.

15. Umbra owns the '858 Registration for the trademark OH, and continues to use the trademark OH in association with furniture.

16. Umbra's trademark OH has been in continuous use in interstate commerce since at least as early as March 1999, and has been registered on the principal register of the United States Patent and Trademark Office since at least as early as April 9, 2002. As such, Umbra's registered trademark is a famous and distinctive trademark, very well known to the relevant consumer public.

17. Since at least as early as January 2001, Umbra has used the trademark AH in association with furniture.

18. A true and correct copy of page 169 of the Umbra 2001 Catalogue showing use of the trademark AH is annexed as Exhibit 2.

19. Umbra has common law trademark rights in the trademark AH, used in association with furniture.

20. In the course of business, Umbra has prominently displayed the trademarks OH and AH on various types of advertising materials and furniture throughout the United States.

21. Umbra has invested substantial sums in marketing and advertising its products sold under the OH and AH trademarks, and both trademarks have acquired secondary meaning.

22.     A design patent application claiming the ornamental design for a chair was filed on December 29, 1998 and issued as United States Design Patent No. Des. 417,795 (the '795 Patent) on December 21, 1999, which patent is presently valid and in force.

23.     A true and correct copy of the '795 Patent is annexed as Exhibit 3.

24.     Umbra owns the '795 Patent and, as such, has the right to sue and recover for past, present and future infringement of the '795 Patent and to obtain the relief sought herein, including, without limitation, injunctive relief.

25.     Upon information and belief, Defendant purchases furniture products (the "infringing products") for re-sale in the United States from GSC Technology Inc. a/k/a GSC Technology Corp., a New York corporation, and/or from one of the affiliated entities and/or alter ego companies under its control and/or under the control of one or more Canadian citizens, including Andre Farber and Robert Farber, one or both of whom control the GSC companies.

26.     Upon information and belief, the infringing products have been sold by Defendant throughout the United States and they continue to be sold by Defendant throughout the United States.

27.     On or about May 18, 2006, Umbra caused a letter be sent to Home Depot Canada (the May 2006 Letter) in which Home Depot Canada was alerted to Umbra's trademark, patent and other claims, and in which it was requested that the Defendant cease and desist.

28.     A true and correct copy of the May 2006 Letter is annexed as Exhibit 4.

5

29. Defendant responded to the May 2006 Letter on June 2, 2006 (the June 2006 Letter) indicating that Umbra's concerns regarding the copying of Umbra's OH® Chair had been received and were being forwarded to its vendor.

30. A true and correct copy of the June 2006 Letter is annexed as Exhibit 5.

31. Upon information and belief, Defendant has not discontinued use of the mark AHHA in association with furniture, the trade dress embodied in the AHHA Chair, and the ornamental design embodied in the AHHA Chair and continues to infringe Umbra's trademarks OH and AH, the trade dress embodied in the OH® Chair and ornamental design embodied in the '795 patent.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

32. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

33. This count arises under 15 U.S.C. §§ 1114 and 1116-1118.

34. Defendant has infringed and continues to infringe Umbra's registered trademark by marketing, advertising, selling, and offering for sale the infringing products. This use is without permission or authority from Umbra, and is likely to cause confusion, to cause mistake, and to deceive as to the source, sponsorship or approval of the infringing products with those of Umbra.

35. Upon information and belief, Defendant's acts of trademark infringement have been committed and are continuing with the intent to cause confusion, to cause mistake and to deceive, and with willful, wanton and callous disregard of Umbra's rights.

36. Umbra has given constructive notice of its trademark rights in the trademark OH by virtue of the fact that, upon information and belief, each chair distributed and sold by Umbra since at least as early as March 1999 bears the notice, "OH$^{TM}$", and since on or about April 9, 2002 bears the notice "OH®".

37. Umbra has requested that the Defendant cease and desist from acts of trademark infringement.

38. Umbra has given the Defendant actual notice of Umbra's registration.

39. Defendant has failed and refused to cease the activities alleged above.

40. Umbra has suffered damage, and will suffer irreparable harm if injunctive relief is not granted.

41. Upon information and belief, the Defendant has acted in bad faith knowingly and willfully, with the intent of creating customer confusion, entitling Umbra to recovery of the Defendant's profits, damages sustained by Umbra, the costs of the action, exemplary damages and attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL TRADEMARK DILUTION

42. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

43. This count originates under 15 U.S.C. § 1125(c).

44. Upon information and belief, after Umbra's adoption and registration of the trademark OH, and after the trademark had become widely-known and famous for use in association with furniture products, the Defendant began using the name AHHA to advertise, market and promote the infringing products.

45. Upon information and belief, by configuring its mark AHHA as "AH Chair" in black and "HA" in red, as such designating "AH" as the dominant part of its mark, the Defendant is intentionally attempting to confuse consumers by emphasizing "AH Chair" which is confusingly similar to Umbra's OH trademark.

46. A true and correct copy of an advertisement for the AHHA Chair is annexed as Exhibit 6.

47. The Defendant's use of the name AHHA blurs the distinctiveness of Umbra's famous trademark and/or tarnishes or disparages Umbra's trademark.

48. Upon information and belief, the Defendant has diluted Umbra's trademark.

49. Umbra has suffered damage and will suffer irreparable harm if injunctive relief is not granted.

50. Upon information and belief, the Defendant willfully intended to trade upon Umbra's reputation and/or to cause dilution of Umbra's trademark, entitling Umbra to recovery of the Defendant' profits, damages sustained by Umbra, the costs of the action, and exemplary damages under 15 U.S.C. § 1117(a). This is an exceptional case, and Umbra should be awarded attorneys' fees incurred in connection with this action.

## COUNT III

## FEDERAL UNFAIR COMPETITION

51. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

52. This Count arises under 15 U.S.C. § 1125(a).

53. As a result of Umbra's use, sales, advertising and promoting of its trademarks, its trademarks are distinctive to Umbra and its products.

54. Upon information and belief, by configuring its mark AHHA as "AH Chair" in black and "HA" in red, as such designating "AH" as the dominant part of its mark, the Defendant is intentionally attempting to confuse consumers by emphasizing "AH Chair" which is identical to Umbra's AH trademark, and confusingly similar to Umbra's OH trademark.

55. The Defendant's use of AHHA is likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with Umbra or as to the organization, sponsorship, or approval of the infringing products by Umbra.

56. These acts by the Defendant have damaged Umbra and will continue to cause Umbra to suffer irreparable harm unless injunctive relief is granted.

57. Umbra is entitled to an award of damages, recovery of Defendant' profits, attorneys' fees and costs.

## COUNT IV

## NEW YORK ANTI-DILUTION STATUTE

58. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

59. This Count arises under New York General Business Law § 360-l.

60. Umbra has used, advertised and promoted the trademark OH in New York continuously since on or about March 1999.

61. Umbra has used, advertised and promoted the trademark AH in New York continuously since January 2001.

62. Umbra's trademarks are distinctive and extremely strong trademarks.

63. Upon information and belief, by configuring its mark AHHA as "AH Chair" in black and "HA" in red, as such designating "AH" as the dominant part of its mark, the

Defendant is intentionally attempting to confuse consumers by emphasizing "AH Chair" which is identical to Umbra's AH trademark, and confusingly similar to Umbra's OH trademark.

64. The Defendant, long after Umbra's use of its trademarks, has used and continues to use AHHA which is substantially similar to Umbra's registered trademark and common law trademark.

65. The Defendant's acts dilute or are likely to cause dilution to the distinctive quality of Umbra's trademarks as prohibited by New York General Business Law § 360-l.

66. The Defendant's acts are likely to injure the business reputation of Umbra.

67. The Defendant's acts are willful, wanton and with callous disregard of Umbra's trademark rights.

68. Umbra has suffered damages and will suffer irreparable harm if injunctive relief is not granted.

## COUNT V
### COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

69. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

70. Umbra has used the trademark OH in New York continuously since on or about March 1999.

71. Umbra has used, advertised and promoted the trademark AH in New York continuously since on or about January 2001.

72. Upon information and belief, by configuring its mark AHHA as "AH Chair" in black and "HA" in red, as such designating "AH" as the dominant part of its mark, the

Defendant is intentionally attempting to confuse consumers by emphasizing "AH Chair" which is identical to Umbra's AH trademark, and confusingly similar to Umbra's OH trademark.

73. Upon information and belief, the Defendant has used and continues to use the AHHA mark and the commercial style of Umbra associated with the trademarks OH and AH in association with the infringing products.

74. Upon information and belief, the conduct of the Defendant with respect to the trademarks OH and AH, and the commercial style of Umbra associated with the trademarks OH and AH, is likely to cause confusion in the trade and with customers as to the source of products and is likely to lead the public to believe the parties are otherwise connected or affiliated.

75. Upon information and belief, the conduct of the Defendant with respect to the trademarks OH and AH, and the commercial style of Umbra associated with the trademarks OH and AH, is likely to cause persons in the ordinary course of business to purchase goods with the belief they are purchasing genuine goods of Umbra, thereby injuring the reputation and good will and unjustly diverting from Umbra the benefits arising therefrom.

76. Upon information and belief, the conduct of the Defendant with respect to the trademarks OH and AH, and the commercial style of Umbra associated with the trademarks OH and AH, was and is willful, wanton, in bad faith and executed with intent to trade on the good will of Umbra's business.

77. Umbra has suffered damage and will suffer irreparable harm if injunctive relief is not granted.

78. The Defendant's acts constitute unfair competition under New York common law.

## COUNT VI

## DECEPTIVE AND UNFAIR TRADE PRACTICES

79. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

80. Upon information and belief, by configuring its mark AHHA as "AH Chair" in black and "HA" in red, as such designating "AH" as the dominant part of its mark, the Defendant is intentionally attempting to confuse consumers by emphasizing "AH Chair" which is identical to Umbra's AH trademark, and confusingly similar to Umbra's OH trademark.

81. Upon information and belief, the Defendant, with intent to deceive or mislead the public, has adopted, assumed and used the mark AHHA as, or as part of its corporate, assumed or trade name or for advertising purposes and trade.

82. Upon information and belief, the conduct of the Defendant with respect to the trademarks OH and AH, and the commercial style of Umbra associated with the trademarks OH and AH, is likely to cause confusion in the trade and with customers as to the source of products and may deceive or mislead lead the public to believe the parties are otherwise connected or affiliated.

83. The Defendant's business practices, as recited above, are unlawful, unfair and deceptive practices in violation of New York General Business Law § 133.

84. Umbra has suffered damage and will suffer irreparable harm if injunctive relief is not granted.

## COUNT VII

### TRADE DRESS INFRINGEMENT UNDER § 43(a) OF THE LANHAM ACT

85. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

86. This Count arises under 15 U.S.C. § 1125(a).

87. As a result of Umbra's use, sales, advertising and promoting of its trade dress, its dress is distinctive to Umbra and its products.

88. The Defendants use of its trade dress is likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with Umbra or as to the organization, sponsorship, or approval of the infringing products by Umbra.

89. These acts by the Defendant have damaged Umbra and will continue to cause Umbra to suffer irreparable harm unless injunctive relief is granted.

90. Umbra is entitled to an award of damages, recovery of Defendant's profits, attorneys' fees and costs.

## COUNT VIII

### PATENT INFRINGEMENT UNDER 35 U.S.C. § 271

91. Umbra re-alleges Paragraphs 1-31 as if fully set forth herein.

92. Upon information and belief, Defendant has infringed and continues to infringe the '795 Patent by making, using, offering to sell, selling, promoting and importing, in this District and elsewhere in the United States, goods that use or embody the patented invention.

93. Upon information and belief, Defendant has also contributed to the infringement of the '795 Patent, and/or actively induced others to infringe the '795 Patent, in this District and elsewhere in the United States.

94. Defendant is engaged in activity directed toward the infringement, and/or inducing the infringement and/or contributing to the infringement of the '795 Patent because the GSC chair is substantially the same in the eye of an ordinary observer, giving such attention as a purchaser usually gives, as the visual appearance as a whole of the chair design in the '795 Patent, and the GSC chair appropriates the points of novelty present in the '795 Patent.

95. At all relevant times, Defendant has had knowledge of the '795 Patent, as Umbra has given constructive notice of its patent rights in the '795 Patent by virtue of the fact that, upon information and belief, each chair distributed and sold by Umbra since at least as early as December 21, 1999 bears the notice, "US Pat. No. Des. 417,795".

96. Defendant had actual knowledge of the '795 Patent at least as early as May 18, 2006.

97. Upon information and belief, the Defendant's infringement of the '795 Patent has been willful and deliberate entitling Umbra to increased damages under 35 U.S.C. § 284, to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 and to the Defendant's total profits from the sale of the infringing products under 35 U.S.C. § 289.

98. Umbra is entitled to recover from Defendant the damages sustained by Umbra resulting from Defendant's wrongful acts in an amount subject to proof at trial.

99. Defendant's infringement of Umbra's exclusive rights under the '795 Patent has damaged and will continue to damage Umbra's business, and caused irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court.

**REQUEST FOR RELIEF**

**WHEREFORE**, Umbra respectfully requests that this Court enter a judgment and appropriate orders in favor of Umbra and against the Defendant, its officers, agents, employees, and attorneys, and on all persons, partnerships, or corporations in active concert or participation with the Defendant, or any other person, partnership, or corporation acting on behalf of the Defendant, for the following relief:

A. A declaration that the '795 Patent and '858 Registration are not invalid;

B. An adjudication that Defendant has infringed, continues to infringe, contributed to infringement of and/or actively induced others to infringe the trademarks OH and AH, Umbra's trade dress and the '795 Patent.

C. A determination that Defendant's acts indicate willful infringement and a refusal to change its course of action despite its knowledge of the trademarks OH and AH, Umbra's trade dress and the '795 Patent.

D. A preliminary and permanent injunction preventing: any use in any way connected with the trademarks OH and AH, or any mark or design element confusingly similar thereto, in association with furniture, and any use in any way associated with Umbra's trade dress, or any dress or design element confusingly similar thereto;

E. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining and restraining further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claim of the '795 Patent;

F. An order directing the Defendant to deliver up for destruction all goods, products, advertisements, brochures, menus, promotional materials, publications, business forms, packaging materials, signs and other things in the possession of the Defendant which

display the mark AHHA and any words that are similar thereto, used in conjunction with Defendant's products;

G. An order requiring the Defendant to account for and pay over to Umbra all gains, profits, and advances derived by them from the activities complained of;

H. An order requiring the Defendant to pay to Umbra an amount equal to all actual damages suffered by Umbra from the activities complained of;

I. An order requiring the Defendant to pay to Umbra an amount equal to its attorneys' fees incurred in this action;

J. An order requiring the Defendant to pay to Umbra an amount equal to its costs incurred in this action;

K. For bad faith knowing and willful intent to create customer confusion, an order requiring Defendant to pay to Umbra an amount equal to Defendant's total profits, damages sustained by Umbra, the cost of the action, exemplary damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a);

L. For willful intent to trade upon Umbra's reputation and/or to cause dilution of Umbra's trademark, an order requiring Defendant to pay to Umbra an amount equal to Defendant's total profits, damages sustained by Umbra, the cost of the action, exemplary damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a);

M. For infringement of the '795 Patent, an order requiring Defendant to pay to Umbra an amount equal to Defendant's total profits pursuant to 35 U.S.C. § 289;

N. For willful and wanton conduct, an order requiring Defendant to pay to Umbra an amount equal to Umbra's attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285;

O.  For willful and wanton conduct, an order requiring Defendant to pay to Umbra an amount such that total damages awarded are equal to three (3) times the award of actual damages and profits otherwise awarded for the activities complained of pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 284;

P.  An award for costs of this action, including discovery costs, and reasonable attorney fees and for interest on the final judgment according to 28 U.S.C. § 1961(a); and,

Q.  Such other and further relief this Court deems just and proper under the circumstances.

R.  **Umbra requests a trial by jury**.


Dated:   Buffalo, New York
         October 3, 2006

Respectfully submitted,

KAVINOKY COOK LLP


By:    /s/  Randolph C. Oppenheimer
       Randolph C. Oppenheimer, Esq.
       *Lead Counsel for Plaintiff Umbra LLC*
       726 Exchange Street
       Buffalo, New York 14202
       Phone: (716) 845-6000
       Fax: (716) 845-6474
       E-Mail:  roppenheimer@kavinokycook.com

       SIMPSON & SIMPSON, PLLC
       Robert P. Simpson, Esq.
       *Co-Counsel for Plaintiff Umbra LLC*
       5555 Main Street
       Williamsville, New York 14221
       Phone: (716) 626-1564
       Fax: (716) 626-0366
       E-Mail:  rsimpson@idealawyers.com

07067/28271/276143